IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JERMAINE THREAT,

    Defendant.

Case No. 25-00036-02-CR-W-DGK

## **PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the parties described below have entered into the following plea agreement:

1.    **The Parties.** The parties to this agreement are the United States Attorney's Office for the Western District of Missouri ("the Government") and Jermaine Threat ("the defendant"), represented by Arimeta DuPree. The defendant understands and agrees that this plea agreement is only between the defendant and the Government and that it does not bind any other federal, state, or local prosecution authority or any other government agency, unless otherwise specified.

2.    **Defendant's Guilty Plea.** The defendant agrees to and hereby does plead guilty to the information filed with the Court today, charging him with violations 18 U.S.C. §§ 371, 2314 and 2315, that is, conspiracy to transport and possess stolen property (Count One), 18 U.S.C. § 2314, that is interstate transportation of stolen property (Count Two), and 18 U.S.C. § 922(g)(1) and 924(a)(8), that is, felon in possession of a firearm (Count Three) By entering into this plea agreement, the defendant admits to committing these offenses and to being guilty of these offenses.

3. **Statutory Penalties.** The defendant understands Count One of the information carries the following maximum penalties: not more than five years' imprisonment, not more than three years' supervised release, a fine of not more than $250,000, and a $100 mandatory special assessment that must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class C felony and that restitution must be ordered as further described below.

The defendant further understands Count Two of the information carries the following maximum penalties: not more than ten years' imprisonment, not more than three years' supervised release, a fine of not more than $250,000, and a $100 mandatory special assessment that must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class C felony and that restitution must be ordered as further described below.

The defendant further understands Count Three of the information carries the following maximum penalties: not more than fifteen years' imprisonment, not more than three years' supervised release, a fine of not more than $250,000, and a $100 mandatory special assessment that must be paid in full at the time of sentencing. The defendant further understands that this offense is a Class C felony.

4. **Factual Basis for Guilty Plea.** The parties stipulate that the following facts are true and establish both a factual basis for the defendant's guilty plea and the defendant's guilt beyond a reasonable doubt:

*A.    The Burglary Conspiracy (Count One)*

From at least March 2023 to in or around January 2024, the defendant, Jermaine Threat, and others conspired to steal cosmetics, fragrances, liquor, spirits, and other merchandise from retail stores in Missouri and various surrounding states. During this period, the defendant participated in burglaries of at least 16 stores, including 8 Ulta Beauty locations and 7 liquor and spirits stores.

In furtherance of the conspiracy and to effect the objects of the conspiracy, the defendant, with co-conspirators, committed the following burglaries of businesses located in Iowa, Illinois, Indiana, Kansas, and Nebraska:

| Victim Businesses | Approximate Date | Reported Loss |
|---|---|---|
| Happy Hour Wine & Spirits, Omaha, NE | April 17, 2023 | Unknown |
| Ulta Beauty, Omaha, NE | April 19, 2023 | $29,571 |
| Maple Hills Liquor, Kansas City, KS | April 19, 2023 | $2,448 |
| KC Wine and Spirits, Overland Park, KS | June 7, 2023 | $5,626 |
| Ulta Beauty, Fairview Heights, IL | October 23, 2023 | $26,648.60 |
| Ulta Beauty, Plainfield, IN | October 23, 2023 | $37,620.66 |
| Bourbon & Canal, Terre Haute, IN | October 23, 2023 | $2,387.57 |

In addition, the defendant, with co-conspirators, committed the following burglaries of stores located in Missouri.

| Victim Businesses | Approximate Date | Reported Loss |
|---|---|---|
| Arena Liquor | April 6, 2023 | Unknown |
| Ulta Beauty, Columbia, MO | April 6, 2023 | $38,452 |
| Lukas Wine & Spirits | April 7, 2023 | Unknown |
| Gomer's, Kansas City, MO | April 19, 2023 | $17,000 |
| Liquor Houzz | June 3, 2023 | $13,000 |
| World Liquor & Tobacco, Platte City, MO | June 7, 2023 | Unknown |
| Honest Spirits & Tobacco, Platte City, MO | June 7, 2023 | $734.88 |

The burglaries occurred during the overnight hours, while the stores were closed for business. The defendant and his co-conspirators used a hard object, like a brick or trailer ball hitch, to shatter a front door or window of a target business. Once inside, the defendant and his co-conspirators stole fragrances, cosmetics, liquor, or spirits using laundry totes, trash bags or other easily portable containers, and exited the store with the stolen product within mere minutes of entering. Often, one of more co-conspirators cased a location before committing a burglary to plan out which products to steal and to identify any potential risk of capture.

The defendant and/or his co-conspirators carried firearms on their persons or in their vehicles during multiple of the burglary incidents.

At all times relevant to the conspiracy, the defendant resided in Kansas City, Missouri. After burglarizing a store, the defendant and his co-conspirators brought the stolen

3

product back to a residence or vehicle in Kansas City, or to another location within the Western District of Missouri. Therefore, following every burglary of stores located outside of Missouri, the defendant and/or his co-conspirators necessarily transported the stolen product across state lines to Missouri.

The defendant and his co-conspirators either sold the stolen items, gave it away to family or friends or, for certain liquor and spirit items, consumed the stolen product themselves. The defendant marketed and sold some of the stolen product through group chat text messages.

The defendant and his co-conspirators received payment for the stolen merchandise in cash as well as through electronic peer-to-peer payment services, including Cash App.

The defendant, as part of this plea agreement, agrees to pay full restitution for each burglary listed above, in a final amount to be determined by the Court, jointly and severally with co-conspirators previously sentenced for the same conduct.

B.       *Interstate transportation of property stolen in Omaha, Nebraska (Count Two)*

As alleged in Count Two of the information, on or about April 19, 2023, the defendant and three accomplices conspired to burglarize an Ulta Beauty store in Omaha, Nebraska. More specifically, on April 18, 2023, co-conspirator Donald Bennett rented a Dodge Ram pickup truck from an Enterprise Rent-A-Car location in Independence, Missouri. That same day, the defendant and the three co-conspirators rode in the truck from Missouri to Omaha, Nebraska. At approximately 12:17 a.m. on April 19, the defendant and his coconspirators pulled the truck to the front of an Ulta Beauty store in the L Street Marketplace shopping center on the west side of Omaha. The four individuals, including the defendant, exited the vehicle wearing all black clothing and black facemasks and the co-conspirators smashed the front door glass with a large rock. After unlocking the door through the broken glass, the four dumped cologne, perfume, and other beauty product into bags. They exited the store with the stolen product approximately two minutes after entering.

Defendant admits that the aggregate value of the product he and his coconspirators stole from Ulta on April 19, 2023, exceeded $5,000 and that they transported the stolen merchandise in interstate commerce.

C.       *Felon in possession of a firearm (Count Three)*

On March 4, 2025, at approximately 12:22 p.m., officers with the Independence Police Department responded to a report of a shooting at an apartment unit located at 705 Concord Circle. The defendant was the reporting party. After officers arrived at the scene, the dispatcher asked the defendant to exit the apartment. The defendant exited holding his one-year-old nephew. When asked whether he had any weapons on his person, the defendant stated that he had a pistol in his right front pocket. The pistol was

4

later identified as an operable, brown 9mm Taurus G3 handgun, serial number ADE316262, loaded with Norma 9mm Luger ammunition.

The defendant was directed to wait in a patrol vehicle while officers continued their investigation of the shooting. The defendant was later released from the vehicle but told to remain nearby. Instead, the defendant entered the backseat of a vehicle driven by a third-party, who attempted to exit the parking lot. Officers intervened and tried to open the backseat door, but the door was locked. In response to officer commands to exit the vehicle, the defendant unlocked the door but made no apparent effort to exit. Officers attempted to physically extract the defendant, who resisted by grabbing the front headrest and pushing his feet against the seats. Officers deployed one Taser burst and the defendant was ultimately removed from the vehicle and placed into custody on multiple outstanding warrants.

The defendant admits that he knowingly possessed the 9mm Taurus G3 handgun and that he knew at the time of possession on March 4, 2025, that he had previously been convicted of a crime punishable by more than one year.

Specifically, the defendant was aware at the time of his offense that he had been convicted of the following felonies (that is, an offense punishable by imprisonment for more than one year), on dates prior to March 4, 2025:

- 1) Burglary of a non-dwelling and 2) conspiracy to commit burglary, case number WY-2023-CR-0005570, Wyandotte County, Kansas, District Court; and

- 1) Burglary of a non-dwelling and 2) criminal damage, Johnson County, Kansas, District Court, case number 23CR02044.

The defendant further admits that a special agent with the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives determined the firearm was not manufactured in the State of Missouri. Because it was not manufactured in the State of Missouri but was recovered in the State of Missouri, the firearm affected interstate commerce.

5. **Use of Factual Admissions and Relevant Conduct.** The defendant understands and agrees that the facts contained in ¶ 4 and other portions of this plea agreement, as well as admissions the defendant makes during the change of plea hearing, will be used to determine the defendant's guilt and the defendant's advisory sentencing range under the United States Sentencing Guidelines. The defendant likewise understands and agrees that the conduct charged in any dismissed counts and all other uncharged related criminal activity may be considered as

"relevant conduct" for purposes of calculating the defendant's advisory sentencing range under the Guidelines.

The defendant further understands that Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 ordinarily limit the admissibility of statements made by a defendant during plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights that arise under those rules and agrees that any such statements, as well as the facts contained in ¶ 4 and other portions of this plea agreement, may be used against the defendant at any time and in any proceeding should the defendant withdraw from this plea agreement.

6. **Sentencing Procedures.** The defendant understands that in determining the appropriate sentence, the Court may impose any sentence authorized by law. While the Court must consider the United States Sentencing Guidelines, the Guidelines are advisory and do not bind the Court. The Court will determine the defendant's advisory sentencing range under the Guidelines at sentencing, but the Court may impose a sentence either above or below that range, so long as that sentence is reasonable.

The defendant further understands that the Court will find facts by a preponderance of the evidence for all issues pertaining to the determination of the defendant's sentence, including the defendant's advisory sentencing range under the Guidelines. The defendant waives any right to a jury finding beyond a reasonable doubt of all facts used to determine the sentence imposed and waives any right to have those facts alleged in an indictment. The defendant also understands that in finding the facts relevant to the imposition of the defendant's sentence, the Court may consider any reliable information, including hearsay, and that the Court will not be bound by any

6

recommendation regarding the application of the Guidelines or the sentence to be imposed made by the United States Probation Office or the parties.

The defendant likewise understands that any term of imprisonment the Court may impose will not allow for parole and that in addition to a term of imprisonment the Court may impose a term of supervised release. The defendant further understands that a violation of a condition of supervised release could result in the Court imposing an additional term of imprisonment as well as an additional term of supervised release to follow, both subject to the statutory maximums set forth in 18 U.S.C. § 3583.

7. **Government's Agreements.** Based upon evidence in its possession at this time, the Government agrees not to pursue any additional charges against the defendant for any federal criminal offenses related to burglaries committed by the defendant or his co-conspirators during the period March 2023 to January 2024 for which it has venue and that arose out of the defendant's conduct described above. Additionally, the Government agrees to dismiss the original indictment, as it pertains to the defendant, following the sentencing hearing in this case.

The defendant understands that this plea agreement does not foreclose any prosecution for murder or attempted murder; physical or sexual violence; aiding and abetting, attempting, soliciting, or conspiracy to commit murder or physical or sexual violence; and any criminal activity currently unknown to the Government.

8. **Preparation of Presentence Report.** The defendant understands and agrees the Government will provide the Court and the United States Probation Office a version of the offense conduct. This may include information concerning the background, character, and conduct of the defendant, including the entirety of the defendant's criminal activities. The defendant understands these disclosures are not limited to the counts to which the defendant will

7

plead guilty. The Government may respond to comments made or positions taken by the defendant or the defendant's counsel and may correct any misstatements or inaccuracies.

9.      **Withdrawal of Plea.** Except for change of plea hearings before a United States Magistrate Judge, either party reserves the right to withdraw from this plea agreement at any time prior to the United States District Judge formally accepting the defendant's pleas of guilty. In the event of such withdrawal, the parties will be restored to their pre-plea agreement positions to the fullest extent possible.

If the defendant waives the right to plead guilty before a District Judge and consents to plead guilty before a United States Magistrate Judge, then the parties' rights to withdraw from this plea agreement for any reason terminate upon the Magistrate Judge's completion of the change of plea hearing with a recommendation that the guilty pleas be accepted.

After the District Judge accepts the defendant's guilty pleas, or the Magistrate Judge completes the change of plea hearing, the defendant may withdraw the pleas only if the defendant can show a fair and just reason for requesting the withdrawal. The defendant understands that if the Court accepts the pleas, the defendant may not withdraw the pleas solely because of the nature or length of the sentence imposed, including if the Court imposes a sentence that is outside the defendant's advisory sentencing range under the United States Sentencing Guidelines or a sentence that the defendant does not expect, like, or agree with.

10.     **Agreed Guidelines Applications.** With respect to the application of the United States Sentencing Guidelines to this case, the parties stipulate and agree as follows:

a.  The applicable Guidelines Manual is the one that took effect on November 1, 2025.

b.  The applicable Guidelines section for Counts One and Two is U.S.S.G. § 2B1.1(a)(2), which provides for a base offense level of 6.

8

c. The parties agree that the loss amount attributable to the defendant is at least $150,000 but less than $250,000 and there should be a 10-level increase in the offense level pursuant to U.S.S.G. § 2B1.1(b)(1)(F);

d. The parties agree a 2-level enhancement is applicable pursuant to U.S.S.G. § 2B1.1(b)(2)(A) because the offense involved more than 10 victims;

e. The applicable Guidelines section for Count Three is U.S.S.G. § 2K2.1, which provides for an offense level of 14.

f. The defendant has admitted guilt and clearly accepted responsibility for the defendant's actions, entitling the defendant to a two-level reduction pursuant to U.S.S.G. § 3E1.1(a). In addition, the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Government and the Court to allocate their resources efficiently. Consequently, if the Court finds the defendant's total offense level to be 16 or higher, the defendant is entitled to an additional one-level reduction pursuant to U.S.S.G. § 3E1.1(b). This plea agreement constitutes the Government's written motion with the Court for that reduction. This motion will be withdrawn, and the Government will be free to withdraw its recommendation that the defendant receive any reduction for acceptance if, after entering into this plea agreement, the defendant (1) fails to abide by all of the terms and conditions of this plea agreement and the defendant's pretrial release, (2) attempts to withdraw the defendant's guilty pleas, (3) violates the law, or (4) otherwise engages in conduct inconsistent with the defendant's acceptance of responsibility as described in U.S.S.G. § 3E1.1 and its commentary.

g. The parties have not reached an agreement regarding the defendant's criminal history category. The parties agree that the Court will determine the defendant's applicable criminal history category after receipt of the presentence report prepared by the United States Probation Office. The parties reserve the right to contest that determination.

h. The parties acknowledge and agree that there are no agreements between the parties with respect to any Guidelines issues other than those specifically listed in this paragraph, including its subparagraphs. As to any other Guidelines issues, the parties are free to advocate their respective positions before the Court.

11.     **Financial Disclosures.** The defendant will fully and truthfully disclose all assets and property in which the defendant has any interest or over which the defendant exercises direct or indirect control, including assets and property held by a spouse, nominee, or other third party. These disclosure obligations are ongoing and in force from the execution of this agreement until

all financial obligations arising from the defendant's guilty pleas—including any forfeiture judgment, restitution order, fine, or assessment—are satisfied in full. The defendant likewise agrees to assist the Government in identifying, locating, returning, and transferring assets for use in payment of restitution, forfeiture, fines, or assessments ordered by the Court.

Within 10 days of signing this plea agreement, the defendant will execute and provide the Government (1) a Tax Information Authorization form; (2) an Authorization to Release Information; (3) a completed financial disclosure statement; and (4) copies of financial information that the defendant submitted to the United States Probation Office. The defendant likewise authorizes the Government to obtain the defendant's credit report. If requested by the Government, the defendant agrees to submit to one or more sworn interviews or depositions regarding the defendant's assets. The defendant understands that the Government will consider compliance with these disclosure obligations when making a recommendation to the Court regarding the defendant's acceptance of responsibility.

12.     **Restitution.** The defendant understands and agrees that the Court must order restitution to the victims of the offenses to which the defendant is pleading guilty and that the Court may order restitution in connection with the conduct charged in any dismissed counts or any uncharged related criminal activity. The defendant further understands that the Government may use the Federal Debt Collection Procedures Act and any other remedies provided by law to enforce any restitution order or fine the Court imposes. Pursuant to 18 U.S.C. § 3663(a), the defendant agrees to pay full restitution to every business identified in paragraph four above, as well as to any additional businesses burglarized by defendant during the charged conspiracy period that may be identified prior to sentencing. Defendant agrees that restitution includes the retail price of the stolen product plus any property damage caused by defendant or his co-

conspirators' efforts to enter the closed businesses. The parties agree that the defendant's restitution obligation will be joint and several with the restitution obligations ordered against co-conspirators for the same conduct.

13.     **Government's Reservation of Rights.** The Government reserves the right to comment on the evidence supporting the offense conduct in this case and the right to oppose any position advanced by the defendant at sentencing that might be inconsistent with this plea agreement. The Government also reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject only to any limitations set forth in this plea agreement. The Government further reserves the right to oppose, when consistent with this plea agreement, any arguments the defendant might advance on direct appeal or in post-conviction proceedings. In particular, the Government remains free to defend the legality and propriety of the defendant's sentence on appeal or collateral attack, even if the Court chooses not to follow any recommendation made by the Government.

14.     **Waiver of Constitutional Rights.** The defendant understands that a guilty plea is a complete and final admission of guilt, that by pleading guilty the defendant waives certain constitutional rights, and that the Court will adjudge the defendant guilty without a trial. In particular, the defendant acknowledges being advised of, understanding, and knowingly and voluntarily waiving (1) the right to plead not guilty and to persist in a plea of not guilty; (2) the right to be presumed innocent until the defendant's guilt has been established beyond a reasonable doubt at trial; (3) the right to a jury trial; (4) the right to be represented by, and receive the effective assistance of, counsel—and if necessary, have the Court appoint counsel—at trial and at every stage of the proceeding; (5) the right to confront and cross-examine adverse witnesses at trial; (6) the right to be protected from compelled self-incrimination; and (7) the

rights to testify, to present evidence, and to compel or subpoena a witness to appear on the defendant's behalf at trial.

15. **Loss of Rights.** The defendant understands that by pleading guilty to a felony offense the defendant will lose the right to possess a firearm or ammunition and might be deprived of other rights, such as the right to vote or register to vote, hold public office, or serve on a jury. The defendant further understands that during the change of plea hearing, the Court may ask the defendant questions about the offenses underlying the defendant's guilty pleas, and if the defendant answers those questions under oath and in the presence of counsel, the defendant's answers may later be used against the defendant in a prosecution for perjury or making a false statement.

16. **Waiver of Pre-Trial Motions.** The defendant understands the right to file certain pre-trial motions and knowingly and voluntarily withdraws any pending motions, waives the right to have any pending motions resolved, and waives the right to file any additional pre-trial motions in this case. This waiver includes, but is not limited to, any motions based on the statute of limitations, the Speedy Trial Act, or any grounds enumerated in Federal Rule of Criminal Procedure 12(b)(3).

17. **Waiver of Appellate and Post-Conviction Rights.** The defendant understands and acknowledges the right to directly appeal the conviction or sentence in this case and any right to challenge the conviction or sentence collaterally through post-conviction proceedings, including through proceedings under 28 U.S.C. § 2255, 28 U.S.C. § 2241, and *corum nobis*. In exchange for the concessions made by the Government in this plea agreement, the defendant knowingly and voluntarily waives all rights to directly appeal or collaterally attack the conviction or sentence on any non-jurisdictional ground except (1) ineffective assistance of

12

counsel, (2) prosecutorial misconduct, or (3) a sentence greater than the statutory maximum. These are the only non-jurisdictional grounds for direct appeal or collateral attack not waived by this plea agreement.

The grounds for direct appeal or collateral attack that are waived include, but are not limited to, the following: sentencing errors such as a misapplication of the United States Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence; any restitution or forfeiture order; any challenge to the constitutionality of the statute or statutes to which the defendant is pleading guilty or under which the defendant is sentenced; any argument that the defendant's admitted conduct does not fall within the scope of the statute or statutes to which the defendant is pleading guilty; any argument that the defendant's plea was not voluntary; and any argument that the defendant's constitutional rights were violated, other than due to ineffective assistance of counsel or prosecutorial misconduct.

If, however, the Government exercises its right to appeal the sentence imposed under 18 U.S.C. § 3742(b), the defendant is released in part from this waiver and may cross-appeal the sentence imposed as allowed under18 U.S.C. § 3742(a) with respect to any issues that have not been agreed upon in this agreement.

The defendant acknowledges discussing this appeal waiver with counsel and understanding its terms. The defendant waives any explanation of the terms of this waiver under Federal Rule of Criminal Procedure 11(b)(1)(N).

18.      **Waiver of FOIA Request.** The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974.

**19.** **Defendant's Breach of Plea Agreement.** If the Court determines the defendant committed any crime or violated any condition of release between the signing of this agreement and the date of sentencing; failed to appear for sentencing; provided intentionally misleading, incomplete, or untruthful information to the Government, the United States Probation Office or the Court; or otherwise breached any term of this plea agreement, the Government will be released from its obligations under this agreement and will retain the right to proceed with the original charges and any other criminal violations established by the evidence. The defendant, however, will remain bound by the terms of this agreement, and will not be allowed to withdraw the guilty pleas entered pursuant to this agreement. The defendant likewise will waive the right to challenge the initiation of the dismissed or additional charges following a finding of breach, including by asserting a statute of limitations defense.

**20.** **Defendant's Representations.** The defendant acknowledges entering into this plea agreement freely and voluntarily after receiving the effective assistance, advice, and approval of counsel. The defendant acknowledges being satisfied with the assistance of counsel and that counsel has fully advised the defendant of the rights and obligations arising from this agreement. The defendant further acknowledges that no threats or promises, other than the terms and conditions of this agreement, have been made by the Government, the Court, the defendant's counsel, or any other person to induce the defendant to enter a plea of guilty.

21. **No Undisclosed Terms.** The parties agree that the above-stated terms and conditions, together with any written supplemental agreement that might be presented to the Court in camera, constitute the entire plea agreement between the parties and that any purported term or condition not expressly set forth in this agreement, or an in camera supplement, is not enforceable.

R. Matthew Price
United States Attorney

Dated: 1/15/24

_____
John Constance
Assistant United States Attorney

I have consulted with my attorney and fully understand all of my rights with respect to the offenses charged in the information. Furthermore, I have consulted with my attorney and fully understand my rights with respect to the provisions of the United States Sentencing Guidelines. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this plea agreement and I voluntarily agree to it.

Dated: 1/15/2024

_____
Jermaine Threat
Defendant

I am defendant Jermaine Threat's attorney. I have fully explained to my client his rights with respect to the offenses charged in the information. Furthermore, I have reviewed with my client the provisions of the United States Sentencing Guidelines which might apply in this case. I have carefully reviewed every part of this plea agreement with my client. To my knowledge, Jermaine Threat's decision to enter into this plea agreement is an informed and voluntary one.

Dated: 1/15/2024

_____
Arimeta DuPree
Attorney for Defendant

15